Summers, J.
Sections 551 and 553 of the code of civil procedure (51 O. L., 57) are as follows:
‘ ‘ Section 551. Where it is not otherwise provided •by this and other statutes, costs shall be allowed, of *375 course, to the plaintiff upon a judgment in his favor, in actions for the recovery of money only, or for the recovery of specific real or personal property.”
“Section 553. Costs shall be allowed, of course, to any defendant upon a judgment in his favor in the actions mentioned in the last two sections.. ”
In the court of common pleas this was an action for the recovery of. money only, and as the judgment was in favor of the defendant he was entitled to judgment for his costs under the above sections, it nowhere being otherwise provided.
These sections now appear, unchanged in legal effect, in the Revised Statutes as sections 5348 and 5350.
The matter is entirely a creature of statute and the construction of the statutes seems to have been settled by prior decisions.
In Beaton v. Radford, 40 Ohio St., 106, the plaintiff sued on a promissory note. The defendant admitted the making of the note, but by counterclaim charged partial failure of Consideration and breach of contract for which the note was given, and asked damages exceeding the sum due on the note. Issue on the counterclaim was tried, resulting in a verdict allowing to defendant a sum which, being credited on the note, left due the plaintiff $177.82, for which and for all the costs he recovered judgment. And it was held that under section 551, above set out, the judgment for costs in favor of plaintiff was right.
The case under consideration is the converse of that. Here the suit is for breach of warranty, the defendant denies the breach and set's up the note,' the plaintiff admits the making of the note and again sets up the breach of warranty, the issues are sub *376 mitted to a jury resulting in a verdict for the defendant for the amount due on the note, and for the plaintiff on the breach for damages in a sum less than the sum found due the defendant on the note, consequently judgment upon the verdict is entered for the defendant for the difference. Section 553, the converse of section 551, applies, and it necessarily follows that, of course, costs should be allowed to the defendant.
The fact that the plaintiff commenced his action in a justice’s court does not withdraw the matter from the operation of the statute.
The action there was subject to the right to appeal to the court of common pleas, and there, under the provisions of the justices’ civil code, the action was to be tried de novo. And section 93 of the code, now section 5067 of the Revised Statutes, provides that “The defendant may set forth in his answer as many grounds of defense, counterclaim and set-off as he may have.” And section 95 of the code, now more scientifically carried in the revision of the statutes as a part of section 5348, provided that if the defendant omit to set up his counterclaim or set-off he could not recover costs in any subsequent action thereon'.
The defendant’s note was not due at the time of the trial in the justice’s court, and he could not therefore set it up as a counterclaim. Had it been due, and had the defendant failed to set it up, section 6527 would have applied, and the defendant could not have recovered costs in any subsequent action thereon.
The judgment in the justice’s court was suspended by the. appeal and superseded by the judgment in the appellate court.
*377 The judgment of 'the court of common pleas allowing costs in an action for the recovery of money only to the party in whose favor judgment was rendered is in accordance with the uniform practice so far as it has been called to our attention, and in such cases, where costs are allowed, the rule generally is to allow costs to the party recovering.
One object of the code was and is, so far as practicable, to induce litigants to settle their differences in one suit and the losing party should pay the prevailing party’s costs unless, as he may, by tender or offer to confess judgment, he frees himself from the presumption of having made necessary the litigation.
The files of the unreported case of Saxton v. Plymire, 54 Ohio St., 622, decided on the authority of Beaton v. Radford, supra, have been examined, and, while it may not support the conclusion here reached, it may be well to state the ease. This action was commenced in the court of common pleas by Ply-mire against Saxton. Two causes of action were stated in the petition. The first was for money had and received. The second was- for breach of contract of a physician in not rendering skillful treatment. The jury found in favor of the plaintiff on the first cause of action and in favor of defendant on the second cause of action, and the court of common pleas rendered judgment in favor of the plaintiff for the amount found due him upon the first cause of action and for all of his costs in the action.
In the circuit court, where proceedings in error were prosecuted, it was found and adjudged as follows: “The court does further find that there was error in the rendition of the judgment for all the costs in the case against the said O. H. Saxton and *378 in favor of said Martin Plymire and that the said O. H. Saxton was and is entitled to a modification thereof and to have a judgment in his favor as to all costs made by him on said second cause of action as if the .same had been determined in a separate suit; and that the judgment of said Martin Plymire and in his favor as to costs should have been for all other' costs by him made in said action except the costs made by him exclusively upon said second cause of action. It is therefore ordered and adjudged that the plaintiff in error recover of the said Martin Plymire, defendant in error, his costs as aforesaid made exclusively upon said second cause of action taxed to $--. It is further ordered and adjudged that the defendant in error recover of the plaintiff in error all other costs by him made in the said action except the costs made by him exclusively upon said second cause of action taxed to $—
In the Supreme Court this action of the circuit court was reversed and the judgment of the court of common pleas in that respect affirmed.

The judgment of the circuit court is reversed and the judgment of the court of common pleas affirmed.

Spear, O. J., Davis, Shauck, Price and Crew, JJ., concur.